Leo **WARREN**, Plaintiff–Respondent,

v.

Sylvester **COMBS**, Defendant–Appellant.

No. 25612.

Missouri Court of Appeals, Southern District, Division One.

Sept. 28, 2004.

Motion for Rehearing or Transfer Denied Oct. 20, 2004.

Marc L. Edmondson, Edmondson Law Firm, P.C., Springfield, for Appellant.

Ray Lee Caskey, Jeri Leigh Caskey, Alton, for Respondent.

PHILLIP R. GARRISON, Judge.

Sylvester Combs ("Appellant") appeals from a judgment finding in favor of Leo Warren's ("Respondent") claims of wrongful eviction and conversion and awarding Respondent $5,001.

This case stems from a dispute involving real property purchased by the Appellant from Mary Parnell ("Parnell") in June of 2002. Before and up to the time of purchase, Parnell, Respondent's aunt, had been renting the property to Respondent for pasturing and cutting hay and seed. Respondent paid $1,750 total per year, but paid $100 each month until the end of the year when he paid the remaining amount in a lump sum. Respondent learned that Parnell had sold the property to Appellant around the first of July 2002. The parties dispute whether Appellant knew that Parnell had the property leased until the end of the year. In any event, after Appellant purchased the land, he spoke to Respondent about keeping his cattle out of a pond, but told him that he could cut the seed on the property.

Appellant and Respondent did not have any contact for a few more weeks, until Appellant found that the pasture was being mowed for hay. Appellant ordered the people mowing the hay to stop, and, later in the week, spoke to Respondent and Respondent's son, Todd Warren. Appellant and Respondent argued about whether the property was leased or not, and, if so, for how long. Appellant told Respondent that he wanted $300 per month to lease the property. A couple of days later,

Appellant and Respondent had another argument regarding the amount of hay in the field, at the end of which Appellant ordered Respondent off of the property. They had another confrontation a few days later when Respondent was in the field checking his hay. At that time, Appellant told Respondent that if the cattle were not off of the property in seven days, Appellant would charge Respondent $10 per head of cattle per day. Thereafter, Appellant found Respondent in the fields checking the cattle and hay, but did not speak to him. After locking the gates so as to exclude Respondent from the property, Appellant, on August 23, 2002, had the cattle removed and sent to Respondent's property.

Respondent claimed that he suffered damages because the cattle consumed $150 worth of his pasture after being delivered there by Appellant. He also claimed that he had to find new pasture land for his cattle at a cost of $1,200; he was not able to remove approximately 120 bales of his hay from the property, valued at $30 per bale; and was unable to remove thirteen wire cattle panels from the property valued at $12 each, a large metal panel worth $100, and a mineral feeder worth $75.

Respondent filed suit against Appellant on September 24, 2002, alleging wrongful ejection from the property, conversion, and damages to his field and for having to find new pasture for the cattle. Appellant filed a "Motion to Add Indispensable Party" on November 1, 2002, alleging that Parnell "may be liable to [Appellant] for some part [or] all of any judgment entered in favor of [Respondent] and against [Appellant] as well as being liable for the separate claims of [Appellant]." The trial court denied this motion on November 20, 2002, and later denied Appellant's motion for reconsideration. Prior to beginning the trial, Appellant again presented his motion to add Parnell as an indispensable party and it was again overruled. After trial to the court, the judgment was entered from which this appeal follows.

■ Appellant raises one point on appeal. He claims that the trial court erred in failing to join Parnell as a third-party defendant because under Rule 52.04 [1] Parnell was a necessary party in that Parnell had an interest in the proceeding and Appellant otherwise risked incurring inconsistent obligations and multiple proceedings. Appellant then explains in his argument the reasons why, in his opinion, Parnell is a necessary party. We do not need to reach the merits of this claim, however.

■ Rule 84.04(d)(1)(A) requires that the point relied on shall "identify the trial court ruling or action that the appellant challenges." Subsection (B) then requires that the appellant state concisely the legal reasons for the appellant's claim of reversible error. Finally, subsection (C) requires that the appellant "explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Furthermore, in the argument section of the brief, "[t]he argument shall be limited to those errors included in the 'Points Relied On.'" Rule 84.04(e). "When matters referenced as alleged error in a point relied on are not developed in the argument portion of a brief, they are deemed abandoned." *Glidewell v. S.C. Mgmt. Inc.*, 923 S.W.2d 940, 956 (Mo.App. S.D.1996); *see also Massage Therapy Training Institute, LLC v. Mo. State Board of Therapeutic Massage*, 65 S.W.3d 601, 609 (Mo.App. S.D.

1. All rule references are to Missouri Rules of Civil Procedure (2003) unless otherwise noted.

2002); *City of Rolla v. Armaly,* 985 S.W.2d 419, 426–27 (Mo.App. S.D.1999).

The trial court ruling complained of in the point relied on is the failure to join Parnell as a third-party defendant. In Appellant's argument section, however, Appellant claims that Parnell is a party necessary so as to give complete relief to Appellant and cites Rule 52.04 and cases supporting this proposition. Appellant does not address the issue of third-party practice in his argument section, nor does he contend that all of the procedural requirements for adding a third-party defendant were completed. Appellant does not make mention in his brief of Rule 52.11(a), the rule governing third-party practice. Appellant did not file a third-party petition against Parnell within ten days of filing an answer, nor did Appellant move the trial court to obtain leave to file a third-party petition against Parnell at a later time. Rule 52.11(a). Appellant cites no authority in support of his claimed error, only citing authority to support his claims that Parnell is a necessary party and should be joined. Third-party practice and the joinder of persons needed for just adjudication are two different doctrines, governed by different rules. *See* Rules 52.11 and 52.04. Appellant, by not addressing the failure of the trial court to add a third-party defendant in his argument section, abandoned his point on appeal.

Furthermore, "[a]n issue that was never presented to or decided by the trial court is not preserved for appellate review." *State ex rel. Nixon v. American Tobacco Co., Inc.,* 34 S.W.3d 122, 129 (Mo. banc 2000). Appellant never filed a motion to add Parnell as a third-party defendant. Appellant's motion was to add Parnell as an indispensable party, although there was a reference in the motion to a contention that he believed Parnell might be liable to him for some part or all of any judgment entered in favor of Respondent. Even if we were to consider Appellant's "Motion to Add Indispensable Party" as being in fact a motion to add a third-party defendant, Appellant never served a third-party petition against Parnell in compliance with Rule 52.11(a). Since no motion to add a third-party defendant was presented to the trial court, we cannot convict the trial court of error for failing to do that which was never presented to it.

The judgment of the trial court is affirmed.

PREWITT, J., and RAHMEYER, J., concur.