**Donald R. EHRHARDT,**
**Plaintiff–Appellant**

**v.**

**Ronald J. HERSCHEND, Defendant–**
**Respondent.**

**No. SD 29058.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 2, 2009.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 24, 2009.

Donald W. Ingrum, Ingrum & Wilson, LLC, Benson, MO, Paul Benton Weeks III, Springfield, MO, for Appellant.

Todd A. Johnson, Ellis, Ellis, Hammons & Johnson, Springfield, MO, for Respondent.

JOHN E. PARRISH, Judge.

Donald R. Ehrhardt (plaintiff) appeals a summary judgment for Ronald J. Herschend (defendant) in an action for malicious prosecution. This court reverses and remands.

Plaintiff and defendant were candidates for separate county offices in 2004. Defendant sought re-election to the office of Taney County Commissioner for the western district of Taney County. Plaintiff was a candidate for the office of Taney County Commissioner for the eastern district of Taney County. Defendant prevailed in his bid for re-election. Plaintiff's efforts to obtain a seat on the county commission failed.

During the course of his campaign, plaintiff caused a political advertisement to be published in a local newspaper, the *Taney County Times*. The advertisement

consideration on the pending charge because     of her cooperation in the current case.

was entitled "Common Cents."[1] It stated that defendant had admitted to breaking into "a locked county facility" at a recent county council meeting and recited a scenario that was represented to be a factual statement of what occurred. A later advertisement, again entitled "Common Cents," retracted three assertions that had been included in the first.

Defendant ultimately filed a civil suit for defamation against plaintiff (the first suit). Summary judgment was entered in the first suit, the one brought by defendant, for plaintiff. It was not appealed.

■ Plaintiff thereafter filed this action for malicious prosecution. It was directed to the filing of the first suit by defendant. Defendant moved for summary judgment. The summary judgment motion was granted. The trial court considered affidavits of defendant and the attorney who represented defendant in the first suit. The trial court held that the affidavits established that the first suit was filed based on advice of counsel; that the advice of counsel was a result of defendant's full disclosure to his attorney.[2]

If a party's motion for summary judgment and subsequent pleadings directed to that motion, as prescribed by Rule 74.04(c), "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law, the court shall enter summary judgment forthwith." Rule 74.04(c)(6).

When considering appeals from summary judgments, the Court will review the record in the light most favorable to the party against whom judgment was entered. *Zafft v. Eli Lilly,* 676 S.W.2d 241, 244 (Mo.banc 1984); *Cooper v. Finke,* 376 S.W.2d 225, 228 (Mo.1964). Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the nonmoving party's response to the summary judgment motion. *Cherry v. City of Hayti Heights,* 563 S.W.2d 72, 75 (Mo. banc 1978); *Dietrich v. Pulitzer Publishing Company,* 422 S.W.2d 330, 333 (Mo.1968). We accord the nonmovant the benefit of all reasonable inferences from the record. *Martin v. City of Washington,* 848 S.W.2d 487, 489 (Mo. banc 1993); *Madden v. C & K Barbecue Carryout, Inc.,* 758 S.W.2d 59, 61 (Mo. banc 1988).

Our review is essentially *de novo.* The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially. *E.O. Dorsch Electric Co. v. Plaza Const. Co.,* 413 S.W.2d 167, 169 (Mo.1967). The propriety of summary judgment is purely an issue of law. As the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment. *Elliott v. Harris,* 423 S.W.2d 831, 834 (Mo.banc 1968); *Swink v. Swink,* 367 S.W.2d 575, 578 (Mo.1963). *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo.banc 1993).

---

**1.** The advertisement recited that it was "[p]aid for by the committee to elect Don Ehrhardt, Don Ehrhardt, treasurer."

**2.** "Where a *client* has made a full and truthful disclosure to his attorney of all material facts, including those within the client's actual knowledge and those he might have learned by reasonable diligence, and relies in good faith on the advice of his attorney, the client has an absolute defense to an action in malicious prosecution." *Zahorsky v. Griffin, Dysart, Taylor, Penner and Lay, P.C.,* 690 S.W.2d 144, 152 (Mo.App.1985) (emphasis in original).

Point II is determinative of this appeal. It contends that "[t]he trial court erred in granting summary judgment to [defendant] and ruling that [defendant] had proved his 'advice of counsel' defense as a matter of law." Plaintiff argues that the affidavits disclosed credibility questions that present a genuine issue of material fact. This court agrees.

The elements for a cause of action for malicious prosecution are (1) previous commencement of a lawsuit against plaintiff; (2) instigated by defendant; (3) termination of the lawsuit in favor of plaintiff; (4) lack of probable cause for the instigation of the suit; (5) malice; (6) damages. *Wetherill v. Hunt*, 834 S.W.2d 199, 203 (Mo.App.1991). A defense to an action for malicious prosecution is that the prior suit was filed on advice of counsel. *See* n. 2, *supra.* The defense of advice of counsel requires a showing that defendant made full and truthful disclosure to his attorney of all material facts prior to the filing of the previous lawsuit. *Zahorsky, supra.* Advice of counsel is an affirmative defense although that defense is "inextricably bound up with the plaintiff's burden to demonstrate lack of probable cause." *Id.*

Defendant's initial affidavit in support of his motion for summary judgment stated that he made full and truthful disclosure of all facts regarding the first lawsuit; that he relied on his attorney's legal advice that he had a valid claim against plaintiff; that based on this, he authorized his attorney to file the first lawsuit. However, the initial affidavit did not identify any specific facts that defendant disclosed to his attorney. Defendant thereafter filed a "supplemental" affidavit. The supplemental affidavit identified specific facts that were stated as having been disclosed to defendant's attorney. It stated that plaintiff had been told by the county attorney that plaintiff's first political advertisement was inaccurate; that this occurred before the advertisement was published. Defendant stated in the supplemental affidavit:

That I also informed [defendant's attorney] that [the county attorney] had a discussion with [plaintiff] before the [first advertisement]. [The county attorney] stated that he told [plaintiff] that the facts he was about to use in the ad were not accurate or correct. [The county attorney] also agreed to testify to these facts.

Plaintiff responded. His affidavit states:

. . .

3. Before I published the political ad that [defendant] sued me about, I did not show the ad to [the county attorney] and a county employee subject to [defendant's] supervision and control.

4. However, in his deposition in the [first] suit, [defendant] suggested that I did show the ad to [the county attorney] and that [the county attorney] said that the ad was untrue. [Defendant's] suggestion was false, inaccurate and untruthful.

5. [Defendant] did not have probable cause to file [the first] suit against me. Indeed, the Circuit Court . . . awarded summary judgment to me, ruling as a matter of law that [defendant] had no basis in fact or law to sue me for libel.

. . .

There was a conflict in whether the county attorney had been shown the advertisement that was the basis for the first suit, and whether the county attorney had told plaintiff that the content of the advertisement was untrue. Further, the first suit, defendant's defamation claim, had been determined favorably to plaintiff. This was an acquittal of defendant's claim against plaintiff on the merits, one of the

elements required to maintain an action for malicious prosecution. *Hoene v. Associated Dry Goods Corp.*, 487 S.W.2d 479 (Mo.1972), explains:

> While an acquittal on the merits is not in itself prima facie proof of a want of probable cause, *Knost [v. Terminal R. Ass'n of St. Louis,* 222 S.W.2d 593 (Mo. App.1949)]*, it constitutes some evidence thereof and is to be considered with the other facts and circumstances. *Randol [v. Kline's, Inc.,* 322 Mo. 746, 18 S.W.2d 500 (1929) ]; *Stoker v. Elniff,* Mo.App., 33 S.W.2d 977 [ (1931) ]. It has been said that since proof of a want of probable cause is proof of a negative, slight evidence is sufficient. *Randol, supra.*

*Id.* at 483.

If any material part of the evidence showing existence or want of probable cause is in conflict, a fact issue exists that is sufficient to make a submissible case. *Id.* at 483–44. Point II is granted. Plaintiff's other point on appeal is, therefore, moot. The judgment is reversed. The case is remanded for further proceedings.

LYNCH, C.J., and RAHMEYER, J., concur.