

# In the Missouri Court of Appeals
# Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| MICHELLE R. LEAVITT, | ) | No. ED101040 |
| and | ) | |
| KEVIN T. WINKLER, | ) | |
| | ) | |
| Petitioners/Appellants, | ) | Appeal from the Circuit Court |
| | ) | of Franklin County |
| vs. | ) | 09AB-CC00368 |
| | ) | |
| GUS and FATMIRA KAKADIARIS, | ) | Honorable David L. Hoven |
| | ) | |
| Defendants/Respondents. | ) | FILED:  December 23, 2014 |

### OPINION

Michelle R. Leavitt (Leavitt) and Kevin T. Winkler (Winkler) (collectively referred to as

Buyers) appeal from the trial court's entry of summary judgment in favor of Gus and Fatmira

Kakadiaris (collectively referred to as Sellers) on Buyers' claims related to the purchase of a

house (the House).  We reverse and remand.

### Factual and Procedural Background

In November 2004, Buyers and Sellers entered into a contract (the Contract) for the sale

of the newly-constructed House for the purchase price of $275,000.  The Contract included a

subsection entitled "INSPECTIONS, DISCLAIMERS, AND WARRANTIES" that stated,

"Failure by Buyer to have an inspection within [the inspection period] shall constitute a waiver

and acceptance of any conditions an inspection would have disclosed."  Buyers did not have a

home inspection performed.  The Contract also included a subsection entitled "SPECIAL

AGREEMENTS," which referred to an attached exhibit, Exhibit A. Exhibit A provided in part that Sellers would provide Buyers with $6,000 of credits toward the purchase of landscaping and appliances, would "initiate and follow through with the repair of a water leak located in the area of the basement below the garage," and would "provide a 1 year builders warranty beginning on the date of closing."

In December 2004, prior to closing on the sale of the House, Buyers conducted a "walk through" of the House. Buyers noticed a leak from the garage was causing water to puddle in the basement below the garage. The Buyers could see streak marks on the walls indicating that the water had run down the walls. Buyers and Sellers specifically addressed the leak in an amendment to the Contract:

> Seller[s] will have leak repaired after closing. Work will be done no later than April 1, 2005. Attempt to repair leak from inside garage will be done first. If first attempt is unsuccessful[,] Seller will attempt a fix from outside replacing entire section(s) of concrete pad(s) closest to garage if damaged.

A second amendment to the Contract provided:

> Seller[s] will no longer give a credit for landscaping $5,000 and appliances $1,000. Seller[s] to give credit at closing to Buyers of $6,000 for closing costs/pre paids, etc.

Buyers and Sellers agreed that the credit at closing would be used to address "some of the issues [Buyers] had pointed out from [their] walk through." Buyers and Sellers signed the amendments to the Contract and closed the sale of the House on December 30, 2004.

In February 2005, Buyers moved into the House. Leavitt came to the conclusion that the House was a "lemon" because it had a lot of "issues, including structural issues." Buyers had difficulty "trying to reach [Sellers] to get things taken care of," so Buyers made a video of the House to document the problems. Buyers noticed numerous defects to the House that were unrelated to the leak from the garage into the basement. The alleged defects included: water

flooding from the street into the front and side yard of the House instead of flowing into the storm drain; an improperly constructed and sinking sidewalk to the House; cracks in the drywall corners of the interior of the House; improperly installed and leaking plumbing in the main floor half bath; an improperly installed countertop and backsplash that pulled away from the wall; an incorrectly anchored kitchen wall that moved in a "floating manner"; improperly mounted and installed cabinets; an improperly installed electrical system with incorrect, lighter-gauge wiring and reversed polarity in some parts of the House; and an improperly constructed basement or foundation such that large cracks developed in the basement floor and caused mold to form. Buyers asked Sellers to correct the problems, but Sellers did not repair the leak from the garage into the basement or correct any of the other defects.

On December 31, 2009, Buyers filed their eight-count petition against Sellers alleging that Sellers had breached the implied warranty of a new home to be fit for its intended purpose; had committed negligence per se; had breached the implied warranties of habitability and construction in a skillful and workmanlike manner; had breached their express agreement to repair the leak from the garage into the basement; had fraudulently misrepresented, negligently misrepresented, and failed to disclose the defects in the House with the intent to deceive, defraud, and induce Buyers to purchase the House; and had violated the Missouri Merchandising Practices Act. Buyers requested the court to award damages or rescind the sale of the House.

Sellers initially filed a motion to dismiss Buyers' petition on the ground that the petition failed to state a cause of action. Following argument, the trial court denied Sellers' motion to dismiss, finding that the petition, on its face, stated a cause of action. The trial court further found that it would consider whether Buyers' claims were barred by the statute of limitations if Sellers filed a motion for summary judgment asserting such an argument.

Sellers subsequently filed their motion for summary judgment, memorandum of law in support of the motion, and statement of uncontroverted material facts. Sellers alleged that they were entitled to judgment as a matter of law because Buyers did not have a home inspection performed and, under the terms, of the Contract, waived and accepted any conditions an inspection would have disclosed. Sellers also alleged that they were entitled to summary judgment because the statute of limitations governing Buyers' claims had run given that Buyers "were put on notice of possible defects with the construction on or before December 30, 2004," which was the closing date of the Contract, but Buyers did not file their petition until December 31, 2009, more than five years after Buyers' cause of action accrued.

Buyers thereafter filed their response and memorandum in opposition to Sellers' motion for summary judgment. Buyers argued that their claims were not barred by the statute of limitations because (1) the amendment to the Contract expressly stated that Sellers would fix the leak from the garage into the basement by no later than April 1, 2005, so the statute of limitations on that claim did not begin to run until that date; and (2) the other unrelated defects in the House were latent defects that could not have been ascertained prior to living in the House for a period of time. Buyers argued that their claims regarding the latent defects in the House were not waived under the terms of the Contract due to the Buyers' failure to perform an inspection because a genuine issue of fact existed as to whether an inspection would have disclosed the defects and Sellers had not provided an expert opinion in support of their motion for summary judgment indicating that the defects would have been disclosed. Leavitt's affidavit was attached to Buyers' memorandum in opposition to the motion for summary judgment. Leavitt attested that she had personal knowledge of the defects to the House that would not have been noticed upon an inspection of the House and that Sellers breached the amendment to the Contract

4

regarding repairing the leak from the garage into the basement by failing to repair the leak no later than April 1, 2005.

The trial court called and heard Sellers' motion for summary judgment and took the matter under advisement. The trial court later entered summary judgment in favor of Sellers, finding that Buyers' response opposing Seller's motion for summary judgment failed to comply with Rule 74.04(c) because it cited no evidence in the record and included only Leavitt's affidavit, which failed "to rely on information that is either not hearsay or which is within affiant's personal knowledge, and[,] therefore, is incompetent to refute the allegations of fact made by [Sellers]." The trial court further found that all facts contained in Sellers' statement of uncontroverted material facts were deemed true, that there existed no genuine issue of material fact, and that summary judgment in favor of Sellers was proper. The trial court found that Buyers knew the leak from the garage into the basement was a problem, that the Contract contained a provision granting Buyers the right to have an inspection performed but they did not have an inspection performed, that the Contract stated the failure to have an inspection performed constituted a waiver of the defects the inspection would have disclosed, and that Buyers knowingly signed the Contract and expressly waived all warranties, express or implied. The trial court concluded that all counts of Buyers' petition were barred by the statute of limitations, Section 516.120[1], which requires a plaintiff to commence an action within five years after the cause of action accrued, because the petition was filed one day late.

This appeal followed.

---

[1] All statutory references are to RSMo 2000, as amended, unless otherwise indicated.

## Standard of Review

Whether the trial court's grant of summary judgment was proper is a question of law that we review *de novo*. Todd v. Missouri United School Ins. Council, 223 S.W.3d 156, 160 (Mo. banc 2007); ITT Commercial Fin. Corp. v. Mid-America Marine Supply Corp., 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is proper when the movant establishes that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Rule 74.04(c); Todd, 223 S.W.3d at 160. This Court will affirm a summary judgment under any theory supported by the record; however, where it is unclear from the summary judgment record that a basis exists for the grant of summary judgment, this Court will reverse. Jordan v. Peet, 409 S.W.3d 553, 557 (Mo. App. W.D. 2013). "An abundance of caution must be exercised in granting a motion for summary judgment because it is an extreme and drastic remedy that borders on the denial of due process because the opposing party is denied its day in court." Jordan, 409 S.W.3d at 557 (internal quotations omitted).

Where the defending party is the movant, it may establish a right to judgment by showing one or more of the following: (1) facts negating any one of the non-movant's elements facts; (2) that the non-movant, after an adequate period of discovery, has not been able and will not be able to produce evidence sufficient to allow the trier of fact to find the existence of any one of the non-movant's elements; or (3) that there is no genuine dispute as to the existence of each of the facts necessary to support the movant's properly-pleaded affirmative defense. ITT, 854 S.W.2d at 381. The movant bears the burden of establishing a legal right to judgment flowing from facts about which there is no genuine dispute; however, we review the record in the light most favorable to the party against whom summary judgment was entered. Id. at 376; State ex rel. Mahn v. J.H. Berra Const. Co., Inc., 255 S.W.3d 543, 545-46 (Mo. App. E.D. 2008). We take as

6

true the facts set forth by affidavit or otherwise in support of the moving party's motion unless contradicted by the non-moving party's response. Ehrhardt v. Herschend, 294 S.W.3d 58, 59 (Mo. App. S.D. 2009). We accord the non-moving party the benefit of all reasonable inferences from the record. Id., 294 S.W.3d at 59. Furthermore, where competent materials in the record show there are two plausible but contradictory accounts of the necessary facts, there exists a genuine issue for trial. Risher v. Farmers Ins., 200 S.W.3d 84, 88 (Mo. App. E.D. 2006).

## Analysis

For ease of reading and clarity of analysis, we have addressed Buyers' points on appeal out of the order in which they were presented and have combined some of the points and arguments on appeal.

### Leavitt's Affidavit Supporting Buyers' Response Opposing the Motion for Summary Judgment

In their fifth point, Buyers claim the trial court erred in striking Leavitt's affidavit in support of Buyers' opposition to Sellers' statement of uncontroverted fact on the ground that it was based on Leavitt's personal knowledge. Buyers argue that the only evidence Sellers relied on in their motion for summary judgment also was Leavitt's knowledge. Buyers further argue that Leavitt's affidavit "fully responds to [Sellers'] Statement of Uncontroverted Material Facts," as required by Rule 74.04.

Sellers counter argue that Buyers' response improperly relied upon Leavitt's affidavit because the affidavit did not contain information to which Leavitt would have been competent to testify at trial or that was within Leavitt's personal knowledge and relied on hearsay.

A motion for summary judgment must be supported by an attached statement of uncontroverted material facts that states with particularity in separately numbered paragraphs each material fact as to which the movant claims there is no genuine issue, with specific

7

references to the pleadings, discovery, exhibits or affidavits that demonstrate the lack of a genuine issue as to such facts. Rule 74.04(c)(1). Attached to the statement shall be a copy of all discovery, exhibits or affidavits on which the motion relies. Id.

A response to the motion for summary judgment shall set forth each statement of fact in its original paragraph number and immediately thereunder admit or deny each of movant's factual statements. Rule 74.04(c)(2). A denial may not rest upon the mere allegations or denials of the party's pleading. Id. Rather, the response shall support each denial with specific references to the discovery, exhibits or affidavits that demonstrate specific facts showing that there is a genuine issue for trial. Id. "A response that does not comply with Rule 74.04(c)(2)'s requirements with respect to any numbered paragraph in movant's statement is an admission of the truth of that numbered paragraph." Jordan, 409 S.W.3d at 558.

Here, Sellers' statement of uncontroverted material facts recounted that Buyers had filed their petition alleging eight counts against Sellers related to the purchase of the House. Sellers' statement of uncontroverted facts also asserted that: (1) Buyers conducted a "walk-through" of the House prior to closing the Contract; (2) Buyers' discovered that the room in the basement underneath the garage had a leak that allowed in large amounts of water; (3) Buyers had stated it would be obvious to anyone who entered the room that there was a problem; (4) Buyers had first viewed the House in October or November of 2004, and the pillars on the front porch were of the same size and condition as they were at the time the motion for summary judgment was filed; (5) Buyers' had signed the Contract, which provided them the right to have a home inspection performed within a specific timeframe; (6) Buyers never had a home inspection performed; (7) the language of the Contract provided that the failure to have an inspection performed constituted a waiver of the defects that the inspection would have disclosed; (8) Buyers closed the Contract

8

for the sale of the Home on December 30, 2004, with full knowledge of the issue with the room in the basement; and (9) the Contract signed by Buyers expressly waived all warranties, express or implied. In the remaining paragraphs numbered 25 through 32 of Sellers' statement of uncontroverted facts, Sellers argued that each of the eight counts in Buyers' petition failed to state a claim upon which relief could be granted because each claim was barred by the statute of limitations, Section 516.120. To support their statement of uncontroverted facts, Sellers attached Buyers' petition, the depositions of Leavitt and Winkler, a copy of the Contract, a copy of the HUD Settlement Statement issued at the closing of the Contract, and a copy of the video Buyers had made to document the defects to the House.

Buyers subsequently filed their opposition to Sellers' statement of uncontroverted facts specifically admitting or denying Sellers' assertions of fact in the corresponding original paragraph number. In paragraph 25, which corresponded to paragraph 25 of Sellers' statement of uncontroverted facts regarding the statute of limitations, Buyers stated:

> This assertion is one of law, but to the extent a response is required, [Buyers] deny same. This cause was tolled under [Section] 516.100 in that when there is more than one item of damage, the action is tolled until the last item of damage is sustained so that all damages may be recovered. Here, numerous issues have come to light over the period in which [Buyers] have occupied the [House].

Paragraph 25 included 10 sub-paragraphs specifically describing the defects in the House. Paragraph 25 cited Leavitt's affidavit for support. Paragraphs 26, 27, 29, 30, 31, and 32 stated, "[s]ee response to para. 25." Paragraph 28 stated:

> See response to para. 25. Further, [Sellers] agreed as follows:
> Seller will have leak repaired after closing. Work will be done no later than April 1, 2005. Attempt to repair leak from inside of garage will be done first. If first attempt is unsuccessful Seller[s] will attempt to fix from outside replacing entire sections(s) of concrete pads(s) closest to garage if damaged.

9

Paragraph 28 cited Sellers' exhibit containing the amendment to the Contract and Leavitt's affidavit for support.

Although Sellers argue that Buyers' responses were inadequate, even if we were to find that Buyers failed to properly respond to Sellers' motion for summary judgment and all of Sellers' factual assertions should be deemed admitted, the motion for summary judgment still must be denied if Sellers' factual assertions were not sufficient to entitle them to judgment as a matter of law. See Jordan, 409 S.W.3d at 558. In their statement of uncontroverted material facts, paragraphs 25 through 32 asserted that all eight counts of Buyers' petition failed

> to state a claim upon which relief may be granted, in that the sale of the home was finalized on December 30, 2004, but the Petition was not filed until December 31, 2009. As such, [Buyers'] cause of action is barred by the statute of limitations contained in Mo. Rev. Stat. [Section] 516.120, which requires a plaintiff to commence an action within five (5) years after the cause of action accrued. Said Petition was filed one (1) day late, and therefore is barred.

However, Sellers' specific references to evidence from the summary judgment record to support their presumption that the statute of limitations had run before Buyers' filed their petition was insufficient. Seller's presumption regarding the statute of limitations was a legal conclusion, not an assertion of fact, and was not binding on Buyers or the trial court. See Jordan, 409 S.W.3d at 560. "A conclusion must be supported by factual allegations that provide the basis for that conclusion, that is, facts that demonstrate how or why the conclusion is reached." Id. (internal quotation omitted). These "uncontroverted facts" do not on their face require the legal conclusion that the statute of limitations had run. It was Sellers' obligation to demonstrate their entitlement to summary judgment, yet their motion failed to specifically address how or why the statute of limitations began to run on December 30, 2004, in spite of the amendment to the Contract that expressly stated Sellers would repair the leak from the garage to the basement by April 1, 2005. In particular, Paragraph 11 of Seller's statement of uncontroverted facts

10

referenced their Exhibit A, which revealed that the Contract was signed by the parties on December 30, 2004, but also contained the amendment to the Contract that states Seller would repair the leak from the garage into the basement by April 1, 2005. The trial court could not have found as a matter of law that the statute of limitations began to run from December 30, 2004, given these inconsistent "facts." Therefore, even if Buyers' response to Sellers' motion was inadequate, Sellers were not entitled to summary judgment because they failed to demonstrate their right to judgment as a matter of law. Point granted.

### Sellers' Affirmative Defenses

In their sixth point, Buyers claim the trial court erred in entering summary judgment in favor of Sellers because Sellers did not carry their burden of proving each element of their affirmative defenses raising statute of limitations and waiver of warranties.

In Missouri, all actions upon contracts, obligations or liabilities, express or implied, except those mentioned in Section 516.110, and except upon judgments or decrees of a court of record, and except where a different time is herein limited, must be brought within five years. Section 516.120(1).

Statute of limitations and waiver are affirmative defenses that must be raised in a party's responsive pleading. Rule 55.08; Section 509.090. A pleading that sets forth an affirmative defense shall contain a short and plain statement of the facts showing that the pleader is entitled to the defense. Rule 55.08.

"A party who moves for summary judgment on the basis of a statute of limitations bears the burden of showing that the statute bars the plaintiff's claims." State ex rel. Mahn v. J.H. Berra Const. Co., Inc., 255 S.W.3d 543, 546 (Mo. App. E.D. 2008), quoting White v. Zubres, 222 S.W.3d 272, 274 (Mo. banc 2007). "Once the defending party establishes 'the plaintiff's

11

claim would be barred by the statute of limitations, the plaintiff bears the burden of showing that he [or she] comes within an exception in the statute so as to avoid the application of the limitations period to the claim.'" J.H. Berra Const., 255 S.W.3d at 546, quoting White, 222 S.W.3d at 274.

In Sellers' motion for summary judgment, Sellers asserted that Buyers' claims accrued on the date of the closing of the Contract: December 30, 2004. Sellers argued that "the alleged damage was sustained and ascertainable when the home was delivered in its defective condition at the closing" of the Contract. Sellers also argued that Buyers had waived any claimed defects that a home inspection would have disclosed by not exercising their option to have a home inspection performed within the inspection period pursuant to the terms of the Contract.

Here, Sellers did not meet their burden of showing that statute of limitations or waiver barred Buyers' claims in their motion for summary judgment. First, the undisputed facts established that Sellers signed the Contract containing the amendment stating that Sellers would repair the leak from the garage into the basement no later than April 1, 2005, but Sellers did not make the repairs. We note this would have required Sellers to have drawn a legal conclusion that the waivers under the Contract overrode the amendment to the Contract for purposes of statute of limitations. Furthermore, Sellers failed to provide any evidence establishing that the other defects would have been discovered during a home inspection. Thus, under the circumstances of this case, Sellers failed to make adequate factual assertions to sufficiently support their affirmative defenses of statute of limitations and waiver as a matter of law. "Since summary judgment is a drastic remedy, it is inappropriate unless the prevailing party has shown by unassailable proof, from which no genuine issue of material fact or any controlling issue exists, that as a matter of law judgment should be entered in his favor." Jordan, 409 S.W.3d at 561,

quoting Bakewell v. Missouri State Employees' Retirement System, 668 S.W.2d 224, 226 (Mo. App. W.D. 1984).  Point granted.

<u>Statute of Limitations and Waiver of Warranties</u>

In their first, second, third, and fourth points on appeal, Buyers argue the trial court erred in entering summary judgment in favor of Sellers on the ground that all counts of Buyers' petition were barred by the statute of limitations because (1) Buyers were unable to ascertain the nature of the House's defects prior to moving in given that the defects were latent; (2) the statute of limitations was tolled  under Section 516.100 in that multiple items of damage existed but were not ascertainable until after Buyers moved into the House; (3) given the terms of the amendment to the Contract, the statute of limitations did not run until after Buyers' petition was filed; and (4) given that Sellers did not present any evidence of what defects an inspection might have found, Buyers did not knowingly waive any warranties, Buyers and Sellers did not have a meeting of the minds regarding a waiver of any warranties, and the Contract was ambiguous.

Given our analysis and conclusion to reverse the grant of summary judgment, we need not address these points.

<u>Conclusion</u>

The trial court's grant of summary judgment is reversed and remanded.

_____
Mary K. Hoff, Judge


Sherri B. Sullivan, Presiding Judge and Philip M. Hess, Judge, concur.