**Philip WHITE, Appellant,**

v.

**Mark ZUBRES, D.O., et al., Respondents.**

No. SC 87991.

Supreme Court of Missouri, En Banc.

May 15, 2007.

Patrick M. Martucci, Joplin, for Appellant.

1. Mr. White died during the pendency of this appeal. A personal representative was appointed and a timely motion for substitution of party was made. This Court grants plaintiff's motion to substitute the party pursuant to rule 52.13 and *Metropolitan St. Louis Sewer*

David Overby, Jared D. Robertson, Brian D. Malkmus, Springfield, for Respondents.

MICHAEL A. WOLFF, Chief Justice.

When suing a physician after the two-year statute of limitations period, may a patient avoid summary judgment by asserting that his claim fits the statute's exception for "negligent failure to inform the patient of the results of medical tests"?

### Facts

Philip White [1], at age 57, was referred by his family physician to a hospital in July 1998 for a whole body bone scan due to some unexplained abdominal pain. A bone scan is a diagnostic procedure used to evaluate abnormalities involving bones and joints. In preparation for a bone scan, a radioactive substance is injected intravenously into the patient. The substance passes through the body and eventually enters the bones. A camera then scans the body. Radiation from the substance is detected and produces an image. Regions that appear brighter on the image are called areas of increased uptake and indicate a relatively higher concentration of the radioactive substance, which many mean an abnormal condition.

White's bone scan showed increased uptake in both of his knees, with the uptake being greater in the right knee. Dr. Zubres was the radiologist working at the hospital on that day. Dr. Zubres read White's bone scan and observed the increased uptake in the area of White's right knee. Dr. Zubres prepared a report for White's doctor describing the bone scan as

*Dist. v. Holloran,* 751 S.W.2d 749, 751–52 (Mo. banc 1988) (a personal representative is entitled to assert the deceased plaintiff's interest on appeal, "and should be turned out of court only if the rules explicitly so require.")

normal and omitting any report of increased uptake in any of White's bones. Dr. Zubres testified in deposition that he did not know the cause of the increased uptake in the right knee, stating that "there [were] multiple areas of increased trace or uptake present, which are typical for middle-age men." Dr. Zubres assumed that there was a benign reason for the increased uptake.

In April 2002, White began suffering pain in his right leg and underwent a second bone scan. Based on that procedure, White was diagnosed with osteosarcoma—a cancer of the bone—of the right tibia, a leg bone. In August 2002 White brought a lawsuit alleging negligence against the radiologist, Mark Zubres, D.O. At the time of White's fourth amended petition the radiologist defendants were Dr. Zubres, Zubres Radiology, Inc., owned and operated by Dr. Zubres, and Wayne E. Putnam d/b/a Carthage Radiologists.

White alleged in his petition that Dr. Zubres committed negligence by observing and diagnosing increased uptake in the area of White's right knee and tibia and negligently failing to inform him of that result. White's petition also said that the osteosarcoma could have been diagnosed after the 1998 bone scan and that Dr. Zubres' failure to inform him or his doctor of the results caused or contributed to the morbidity of the disease resulting in significant, permanent and disabling injury.

The radiologists moved for summary judgment, arguing that White's action was barred by the two year statute of limitations for medical malpractice claims. Section 516.105 [2]. White's opposition to the motion asserts that his action falls within an exception to the general statute of limitations for claims that a healthcare provider negligently failed to inform the patient of the results of medical tests. Section 516.105(2).

The trial court concluded that White's claim is barred by the two-year statute of limitations period in section 516.105 because the original petition (filed on August 7, 2002) commenced the action more than two years after the date of the act of alleged negligence and granted summary judgment.

After an opinion by the Court of Appeals, Southern District, this Court granted transfer. Mo. Const. art. V, sec. 10. The judgment is affirmed.

## Standard of Review

■■■ Summary judgment shall be entered if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Rule 74.04(c)(6). The moving party bears the burden of establishing a right to judgment as a matter of law. *Id.* The standard of review on appeal regarding summary judgment is essentially *de novo.* *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 381 (Mo. banc 1993).

■■■ The statute of limitations is an affirmative defense. Rule 55.08. A party who moves for summary judgment on the basis of a statute of limitations bears the burden of showing that the statute bars the plaintiff's claims. *Powel v. Chaminade College Preparatory, Inc.,* 197 S.W.3d 576, 580 (Mo. banc 2006), *citing Warren v. Paragon Technologies Group, Inc.,* 950 S.W.2d 844, 846 (Mo. banc 1997). But once the movant shows that the plaintiff's claim would be barred by the statute of limitations, the plaintiff bears the burden of showing that he comes within an exception in the statute so as to avoid the application of the limitations period to the claim. *But-*

---

**2.** Unless otherwise noted, all references are to RSMo 2000.

*ler v. Mitchell–Hugeback, Inc.*, 895 S.W.2d 15, 19 (Mo. banc 1995).

## The Statute of Limitations

The issue in this case is whether White's lawsuit is barred by the two-year statute of limitations for medical malpractice actions or whether White can take advantage of an exception to the general rule.

The statute of limitations for medical malpractice actions is set out in section 516.105. Section 516.105 was amended in 2005. The parties—and this Court—agree that the pre–2005 version applies here because White's lawsuit was filed in 2004. Section 516.105, RSMo 2000, provides a general two-year statute of limitations for medical malpractice actions with three exceptions. At issue in this case is the exception contained in section 516.105(2) for the negligent failure to inform a patient of test results.

Section 516.105, RSMo 2000, in pertinent part, provided that "All actions against physicians ... (and other health care providers) for damages for malpractice, negligence, error or mistake related to health care shall be brought within two years from the date of occurrence of the act of neglect complained of, except that:

. . .

(2) In cases in which the act of neglect complained of is the negligent failure to inform the patient of the results of medical tests, the action for failure to inform shall be brought within two years from the date of the discovery of such alleged

negligent failure to inform, or from the date on which the patient in the exercise of ordinary care should have discovered such alleged negligent failure to inform, whichever date first occurs; except that, no such action shall be brought for any negligent failure to inform about the results of medical tests performed more than two years before August 28, 1999; ...."[3]

White's petition is barred by the two-year statute of limitations unless White can show that the exception, in the block quote above, applies. It is undisputed that the bone scan was taken in July 1998. White's petition was filed in August, 2002, more than four years after the alleged negligent action occurred. The pleading on its face shows White's action would be barred by the statute of limitations unless the exception applies.

The burden shifts to White to prove that his action comes within an exception to the statute. White pleaded that his claim falls within this so-called negligent failure to inform exception in the statute.

Does Dr. Zubres' conduct fall within the exception? White says the exception applies because—when a healthcare provider reads a medical test, is aware of a particular finding, but does not report the finding—there is a negligent failure to inform, within the meaning of the exception in section 516.105(2).

■ To resolve the question of whether White can claim the exception, the Court need only look to the evidence presented in the summary judgment proceeding.

**3.** Section 516.105(2) was amended in 2005 by adding the following language at the end of the paragraph quoted in the block quote in the text: "For purposes of this subdivision, the act of neglect based on the negligent failure to inform the patient of the results of medical tests shall not include the act of informing the patient of the results of negligent-

ly performed medical tests or the act of informing the patient of erroneous test results." The amendment addresses—for cases filed after its 2005 effective date—the question as to whether the "failure to inform" exception applies to situations where a patient was informed of an erroneous test result, as plaintiff alleged in this case.

White's burden is to present evidence that his claim comes within the exception to the statute of limitations. The exception is for *negligent* failure to inform a patient of medical test results. White argues that it was the radiologist defendants' burden to prove, in moving for summary judgment, that Dr. Zubres' "judgment call" to omit the increased uptake from his report was within the standard of care for a radiologist.

■ White's position is not supported by law. Because the petition was filed beyond the two-year limitations period, White was required to present evidence that Dr. Zubres' failure to inform was negligent. "Statutes of limitation are favored in the law and cannot be avoided unless the party seeking to do so brings himself strictly within a claimed exception." *Butler*, 895 S.W.2d at 19. White did not produce any evidence that would establish negligence.

The only evidence regarding the standard of care for reporting the results of a bone scan was Dr. Zubres' deposition testimony. Dr. Zubres testified that what findings he reports "depends on the—the case, and the clinical circumstances." He further testified that "there are certain circumstances in certain age groups [that] there are pretty typical findings that can be normal in that age group or typical in that age group," and in those cases, he does not report those findings. When asked specifically about why he did not mention the increased uptake in White's right knee, Dr. Zubres stated "because in his age group, I believe that it was a normal part of the aging process, and that he had arthritic change, as there were other areas of increased uptake within different joints in the body." When asked again about why he did not report the increased uptake, or how he would make that decision, Dr. Zubres responded, "be-cause in my case, when I look at these studies, I have to make a clinical decision whether something may have been significant or not. And osteoarthritis is very common in someone in his age group, and very commonly is asymmetric, meaning it's greater on one side than the other. A very common finding." And, finally when Dr. Zubres was asked whether he would still agree with his findings and his report today—with the benefit of hindsight—he responded "I have no change in what I would say."

According to Dr. Zubres' testimony, whether a radiologist reports increased uptake in any part of the body from a bone scan depends on the clinical circumstances of the patient. Dr. Zubres' testimony—all of which is unrefuted—is that increased uptake around the knee area in an individual of White's age and presentation can be considered normal and would not necessarily be reported. Dr. Zubres does not acknowledge that his conduct was negligent.

White presented no evidence to rebut Dr. Zubres' testimony as to the standard of care. As previously noted, it was White's burden to produce evidence that Dr. Zubres' failure to inform was negligent. In a summary judgment proceeding, the plaintiff's response "may not rest upon the mere allegations or denials of the party's pleading. Rather, the response shall support each denial with specific references to the discovery, exhibits, or affidavits that demonstrate specific facts showing that there is a genuine issue for trial." Rule 74.04(c)(2). White attempted to meet this burden by citing to portions of Dr. Zubres' deposition where the doctor stated that he did not know the cause of the increased uptake and that he assumed there was a benign reason for the uptake.

White's argument, however, did not meet his burden of producing evidence that Dr. Zubres was negligent, since White

sought to bring his claim within an exception to the statute of limitations. Had he produced evidence of negligence, there would have been a factual issue to be tried as to whether the statute of limitations, or its exception, applies. On this record, there was no factual issue for trial on the statute of limitations defense.

The judgment entered by the circuit court is affirmed.

All concur.