STATE of Missouri ex rel. Beth MAHN, Collector of Revenue, County of Jefferson, Missouri, Respondent/Cross-Appellant,

v.

J.H. BERRA CONSTRUCTION CO., INC., Appellant.

No. ED 90746.

Missouri Court of Appeals, Eastern District, Division Four.

June 17, 2008.

See also 152 S.W.3d 281.

---

3. All pending motions are hereby denied.

David L. Welsh, St. Louis, MO, for appellant.

Dennis J. Kehm, Jr., Hillsboro, MO, for respondent.

## OPINION

GEORGE W. DRAPER III, Judge.

J.H. Berra Construction Co., Inc. (hereinafter, "Berra") appeals from the trial court's grant of summary judgment in favor of Beth Mahn, Collector of Revenue for Jefferson County, Missouri (hereinafter, "the Collector"), finding the Collector's suit to collect Berra's delinquent 2001 personal property taxes was filed timely. Berra raises one point on appeal arguing the Collector's suit was barred by the statute of limitations. Collector cross-appeals, disputing the trial court's calculation of the additional tax penalty. We reverse and remand.

The facts are undisputed.[1] Berra is a Missouri corporation engaged in the business of heavy construction. Berra owns

and operates a number of large pieces of equipment in connection with its construction business, including bulldozers, earthmovers, drills, and paving equipment. The underlying dispute with Randy Holman, Assessor for Jefferson County, Missouri (hereinafter, "the Assessor"), arose when the Assessor assessed personal property taxes for 2001 (hereinafter, "2001 taxes") on some of Berra's construction equipment located in Jefferson County. Berra received the tax bill in October 2001.

Berra appealed the tax assessment to the Jefferson County Board of Equalization, arguing the equipment was not "situated" in Jefferson County, and therefore, not subject to assessment. The Jefferson County Board of Equalization disagreed, upholding the assessment. Berra then filed an appeal with the State Tax Commission, which upheld the assessment after an evidentiary hearing. Berra sought and received judicial review in the circuit court and later with this Court, which transferred the case to the Missouri Supreme Court pursuant to Rule 83.02. Ultimately, the Missouri Supreme Court resolved the dispute in the Assessor's favor in *J.H. Berra Constr. Co., Inc. v. Holman*, 152 S.W.3d 281 (Mo. banc 2005), issuing its opinion on January 11, 2005. The Collector received notices of each of Berra's appeals.

Two days later, on January 13, 2005, the Jefferson County Assistant County Counselor sent a letter to Berra regarding the 2001 tax bill. The letter recognized Berra had appealed the 2001 tax assessment, but noted Berra failed to pay the taxes under protest while the appeal was pending. Therefore, the letter stated it was "the

1. We have gleaned several of the judicially determined facts from the underlying assessment appeal from this Court's unpublished opinion in *J.H. Berra Constr. Co., Inc. v. Holman*, No. ED84012, 2004 WL 1158046 (Mo. App. E.D. May 25, 2004) and the subsequent Missouri Supreme Court opinion in *J.H. Berra Constr. Co., Inc. v. Holman*, 152 S.W.3d 281 (Mo. banc 2005), after this Court ordered the cause transferred.

Collector's position that unless paid under protest or paid pending appeal, interest and penalties continue to accrue until the taxes are finally paid."

The Collector filed suit to collect Berra's delinquent 2001 taxes on August 25, 2006. The Collector sought the assessment amount due, in addition to a penalty and delinquent tax fee, resulting in a request from Berra for payment in the amount of $142,762.45, in addition to attorney's fees and costs. Berra filed its responsive pleadings on September 14, 2006. In its answer, Berra asserted the affirmative defense that the Collector's suit was time barred by Section 140.730 RSMo (2000)[2] because the Collector failed to commence her suit within three years of when the 2001 taxes became delinquent. Berra contemporaneously filed a motion for judgment on the pleadings based upon that affirmative defense. The Collector filed her response, and the trial court held an evidentiary hearing on the matter.

The trial court issued its judgment on Berra's motion for judgment on the pleadings on March 30, 2007. The trial court rejected Berra's statute of limitations argument in light of Berra's assessment appeal. The trial court reasoned the Collector "had no legal basis by which to file suit against [Berra] for delinquent tax until such time as the Supreme Court determined the assessment and resultant tax were appropriate." Additionally, the trial court rejected the Collector's prayer for interest and penalties, finding the Collector could not assess any penalties until the Supreme Court rendered its decision on January 11, 2005. Further, the trial court ruled "it was improper to impose such penalties and interest against [Berra] retroactive to the date of the original assessment...."

Subsequently, the Collector filed a motion for summary judgment alleging she was entitled to judgment as a matter of law in that there was no genuine issue of material fact as to the delinquency of Berra's 2001 taxes. The Collector's motion failed to address Berra's affirmative defense that her suit was barred by the statute of limitations. Berra's response and cross-motion for summary judgment restated its affirmative defense and raised the argument that the Collector should be judicially estopped from asserting its claim because it was inconsistent with its position in a previous lawsuit between the parties.

The trial court issued an interlocutory order granting summary judgment in the Collector's favor on November 9, 2007. The trial court reiterated its rejection of Berra's statute of limitations argument, and the Collector's requested amount for additional penalties and interest. The trial court then ruled, "pursuant to Section 140.100 ... the Collector may only access the penalty on delinquent tax of eighteen percent which is based upon the Court's interpretation that the taxpayer 'shall be charged with a penalty of eighteen percent of *each year's delinquency.*'" The trial court deferred calculating the penalties until further hearings were held. After receiving additional evidence regarding the computation of the penalties, the trial court entered its final summary judgment on December 3, 2007. After restating its findings from the interlocutory order, the trial court determined the amount of additional penalties Berra owed for the delinquent 2001 taxes. Berra appeals; the Collector cross-appeals.

It is well-settled that when considering an appeal from a grant of summary judgment, we review the record in the light

**2.** All statutory references are to RSMo (2000) unless otherwise indicated.

most favorable to the nonmovant. *ITT Commercial Fin. v. Mid–America Marine*, 854 S.W.2d 371, 376 (Mo. banc 1993). Our review is essentially *de novo. Id.* The criteria on appeal for testing the propriety of summary judgment are no different from those employed by the trial court to determine the propriety of sustaining the motion initially. *Id.* A summary judgment movant has the burden of proof to establish a legal right to judgment flowing from facts about which there is no genuine dispute. *Id.* at 378. "The moving party bears the burden of establishing a right to judgment as a matter of law." *Powel v. Chaminade College Preparatory, Inc.*, 197 S.W.3d 576, 580 (Mo. banc 2006).

In its sole point on appeal, Berra challenges the trial court's grant of summary judgment in the Collector's favor on three separate grounds.[3] First, Berra believes the trial court erred in finding the Collector's suit to collect Berra's delinquent 2001 taxes was filed timely. Specifically, Berra argues the Collector failed to commence this action within the three year limitation period set forth in Section 140.730.3, thus barring her claim.

Section 140.730 governs the procedure the Collector must follow when collecting personal property taxes. Section 140.730.3 states in pertinent part: "For the purpose of this chapter, personal tax bills shall become delinquent on the first day of January following the year the taxes are due, and suits thereon may be instituted on and after the first day of February following, and within three years from said day."

The statute of limitations is an affirmative defense. Rule 55.08. "A party who moves for summary judgment on the basis of a statute of limitations bears the burden of showing that the statute bars the plaintiff's claims." *White v. Zubres*, 222 S.W.3d 272, 274 (Mo. banc 2007). Once the defending party establishes "the plaintiff's claim would be barred by the statute of limitations, the plaintiff bears the burden of showing that he [or she] comes within an exception in the statute so as to avoid the application of the limitations period to the claim." *Id.*

Berra properly raised the statute of limitations set forth in Section 140.730.3 as an affirmative defense in its responsive pleadings and in it cross-motion for summary judgment. When applying the clear language of the statute, Berra's 2001 taxes became delinquent on January 1, 2002. Thereafter, the earliest date the Collector was permitted to institute collection proceedings was February 1, 2002, "and within three years from said day." Thus, the Collector must have filed suit by February 1, 2005, in order to fall within the three year statutory period. Here, it is undisputed the Collector filed suit to collect the delinquent 2001 taxes on August 25, 2006.

Thus, based upon the plain reading of the Section 140.730.3, Berra's pleadings established the statute of limitation would bar the Collector's claim because it was filed beyond February 1, 2005. The Collector then bore the burden of showing she came within an exception in the statute that would permit her claim to proceed forward. In her response to Berra's motion for summary judgment, Collector re-

---

3. We remind attorneys when drafting their points relied on to review and follow the dictates of *Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978) and Rule 84.04. This point does not comply with Rule 84.04(d)(1) because it contains three separate claims of error that should have been set out in three separate points. *See Glasgow Enterprises, Inc. v. Bowers*, 196 S.W.3d 625, 629 (Mo.App. E.D.2006). Although we do not condone these violations of Rule 84.04(d)(1), we will exercise our discretion to review in more detail the three claims made in this single point. *Id.*

sponded by stating Berra's statute of limitations allegations required her to "state[ ] legal conclusions that are not required to be admitted or denied." Nowhere in Collector's motion for summary judgment or in her response to Berra's motion does she demonstrate how her claim fits into "an exception in the statute so as to avoid the application of the limitations period to the claim" as required by *White, supra.*

Despite the appearance that the Collector's suit is time barred pursuant to Section 140.730.3, the Collector argued in opposition to Berra's motion for judgment on the pleadings that Berra's litigation against the Assessor challenging the assessment tolled the running of the limitations period. This leads us to Berra's second reason why Berra believes the Collector's suit is time barred. Berra argues its assessment appeal did not toll the running of the statute of limitations set forth in Section 140.730.3. We agree.

 Statutes of limitations are favored in the law. *Graham v. McGrath,* 243 S.W.3d 459, 464 (Mo.App. E.D.2007). These limitations "cannot be avoided unless the party seeking to do so falls strictly within a claimed exception." *Davidson v. Lazcano,* 204 S.W.3d 213, 217 (Mo.App. E.D.2006). "Statutes of limitation may be suspended or tolled only by specific disabilities or exceptions enacted by the legislature, and courts cannot extend those exceptions." *Shelter Mut. Ins. Co. v. Director of Revenue,* 107 S.W.3d 919, 923 (Mo. banc 2003). The application of any exceptions must be construed strictly, even in cases of hardship. *Graham, supra.*

 Missouri recognizes a "litigation exception" which tolls the statute of limitations "where a person is prevented from exercising his [or her] legal remedy by the pendency of legal proceedings." *Knipmeyer v. Spirtas,* 750 S.W.2d 489, 490 (Mo.

App. E.D.1988); *Hill v. John Chezik Imports,* 797 S.W.2d 528, 530 (Mo.App. E.D. 1990); *Follmer's Market v. Comprehensive Accounting Service Co.,* 608 S.W.2d 457, 460 (Mo.App. E.D.1980). Here, however, the exception is not applicable because the Collector was not legally *prevented* from bringing her suit to collect Berra's delinquent 2001 taxes prior to the rendering of the Missouri Supreme Court opinion. The Collector argues, and the trial court agreed, it was impossible for her to file suit to collect taxes that may or may not be assessed properly prior to the resolution of Berra's appeal. We disagree. The Missouri Supreme Court's resolution of the assessment appeal did not commence the running of the statute of limitations with respect to the Collector's ability to file suit to collect Berra's taxes. That power was conferred pursuant to Section 140.730.3 on February 1, 2002. The Missouri Supreme Court's decision did not give rise to a new cause of action for Collector, but rather, merely decided a vital question in the case and acted as *res judicata* should Berra dispute the delinquent amount owed. *See Brink v. Kansas City,* 358 Mo. 845, 217 S.W.2d 507, 510 (1949); *Perkins v. Schicker,* 641 S.W.2d 432, 435 (Mo.App. E.D.1982).

 Therefore, we find the Collector was not prevented from commencing an action to collect Berra's 2001 taxes while its assessment appeal was pending. If the Collector had filed an action prior to the Missouri Supreme Court's decision, there is no doubt the proceedings would have been stayed pending the resolution of Berra's appeal. The fact that a party would be entitled to a stay in no way arrests the running of the statute of limitations. *See Ottenad v. Mount Hope Cemetery & Mausoleum Co.,* 176 S.W.2d 62, 65 (Mo.App.St. L.D.1943); *Perkins,* 641 S.W.2d at 436. Finally, we note the Missouri Supreme

Court's decision was rendered on January 11, 2005. The three year statute of limitations did not expire until February 1, 2005. Therefore, the Collector still had a window, albeit brief, to timely file her claim against Berra and still have the benefit of the Missouri Supreme Court's decision.

Based on the foregoing, we find the statute of limitations was not tolled while Berra sought judicial review of the assessment. Therefore, the Collector's suit to collect Berra's delinquent 2001 taxes was barred by the statute of limitations as set forth in Section 140.730.3. This ruling renders the Collector's cross-appeal challenging the trial court's calculation of the additional tax penalty moot.

The trial court's judgment is reversed and remanded.

MARY K. HOFF, P.J., and SHERRI B. SULLIVAN, J., concur.