**Steven GOFF, Appellant,**

v.

**Etha FOWLER, Respondent.**

**No. WD 71825.**

Missouri Court of Appeals,
Western District.

Sept. 14, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 2, 2010.

F. Russell Peterson and Aaron N. Woods, Overland Park, KS, for appellant.

James L. Sanders and Allison G. Ross, Kansas City, MO, for respondent.

Before Division One: THOMAS H. NEWTON, Presiding Judge, MARK PFEIFFER, Judge and CYNTHIA L. MARTIN, Judge.

CYNTHIA L. MARTIN, Judge.

Steven Goff appeals from the trial court's grant of summary judgment in favor of Etha Fowler due to the bar of the statute of limitations. Goff contends that the trial court erred in granting summary judgment because: (1) Fowler failed to establish the bar of the statute of limitations; (2) the judgment was improperly based on an unsigned, unauthenticated letter; and (3) Fowler failed to establish when the last settlement payment was made to Goff. We reverse and remand.

**Factual and Procedural History**

On May 4, 2007, Goff and Fowler were involved in an automobile collision in Overland Park, Kansas. On May 14, 2009, Goff filed a petition against Fowler in Jackson County Circuit Court seeking damages for personal injuries arising out of the collision.

The petition asserts that "K.S.A. 40–275 applies to extend the statute of limitations." Section 40–275 provides that any advance or partial payment of damages to an injured person predicated on tort liability fixes the period for the limitation for the commencement of a cause of action on the date of the last payment or partial payment made. Kan. Stat. Ann. Section 40–275 (2000). The petition does not allege the factual basis for Goff's assertion that the statute of limitations was extended by section 40–275, or for how long Goff contends the statute of limitations was extended.

Fowler filed a motion to dismiss the petition. Fowler claimed that Goff's personal injury lawsuit is barred by the two year statute of limitations set forth in section 60–513(a)(4). Kan. Stat. Ann. Section 60–513(a)(4) (2005). The motion to dismiss acknowledged that Section 40–275 "applies to extend the statute of limitations in this matter." However, the motion to dismiss

asserted that the last (and only) payment made to Goff was when State Farm Mutual Automobile Insurance Company ("State Farm") sent a $476.63 check to Goff for repairs to Goff's vehicle on May 9, 2007. A copy of the May 9, 2007 letter purported to have accompanied the property damage check was attached to the motion to dismiss.

Goff responded to the motion to dismiss. Goff contended that Fowler's attachment of the May 9, 2007 letter to the motion to dismiss required conversion of the motion to a motion for summary judgment under Rule 74.04. Goff attached an affidavit from his counsel stating that "[b]ased upon conversations with Steven Goff, the documents and information currently available to me I cannot say when the advance payments alleged by State Farm were actually and legally paid." The affidavit further stated that "[u]sing normal mail and banking standards, legal education, law and experience I can conclude that the advance payment made by State Farm was not paid until after May 14, 2007." Goff urged that discovery was necessary to determine when State Farm's payment was made. Goff filed a motion for continuance and extension of time to conduct discovery.

On July 16, 2009, the trial court entered a judgment granting Goff's motion for continuance and extension of time to conduct discovery. The trial court gave the parties sixty days to conduct discovery limited in scope to payments made by Fowler or State Farm to Goff. The judgment directed the parties to file supplemental briefing after the sixty day discovery period.

Goff conducted no discovery during the sixty days provided by the trial court. Fowler filed a supplement to the motion to dismiss. Fowler pointed out that Goff had not undertaken the discovery he claimed was necessary to support his allegation that section 40–275 of the Kansas Statutes Annotated extended the statute of limitations to at least May 14, 2009. Fowler argued that Goff bore the burden of proving that he came within a claimed exception to the statute of limitations.

Goff filed a supplement to his suggestions in opposition to Fowler's motion. Goff again claimed the motion to dismiss should be converted to a motion for summary judgment. Goff claimed that since section 40–275 of the Kansas Statutes Annotated "tolls" the commencement of the statute of limitations, Fowler had the burden to demonstrate that the payment from State Farm to Goff was made more than two years before May 14, 2009. Goff claimed that the earlier submitted affidavit from his counsel was sufficient to create a genuine issue of material fact regarding this subject. In further support however, Goff attached his own affidavit advising that he could not "definitively state" when he received the check from State Farm.

In reply, Fowler advised the trial court that she had no objection to treating the motion to dismiss as a motion for summary judgment as requested by Goff. Fowler argued that it was incumbent on Goff to establish facts in the manner required by Rule 74.04(c)(2) sufficient to defeat Fowler's motion. Fowler thus argued that Goff's mere assertion that Section 40–275 applied to extend the applicable statute of limitations was not sufficient to create a genuine issue of material fact in dispute.

On December 2, 2009, the trial court entered its judgment. The judgment treated Fowler's motion to dismiss as a motion for summary judgment pursuant to Rule 55.27(b).[1] The judgment granted

---

1. We observe that Rule 55.27(b) provides that in the event the court is obliged to treat a motion for judgment on the pleadings as a motion for summary judgment, "all parties

summary judgment in favor of Fowler. Goff appeals.

## Standard of Review

"The propriety of a summary judgment is a question of law that we review *de novo*." *Peters v. ContiGroup*, 292 S.W.3d 380, 386 (Mo.App. W.D.2009) (*citing ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993)). We review the record on appeal from a grant of summary judgment in the light most favorable to the non-movant. *Id.* "We apply the same criteria on appeal as those the trial court uses to determine the propriety of sustaining the motion initially. Summary judgment is appropriate where no genuine issue of material fact exists and the moving party establishes a right to judgment as a matter of law." *Id.* (citation omitted).

## Analysis

■ Goff raises three points on appeal. In his first point, Goff contends that the trial court erred in granting summary judgment in favor of Fowler because the statute of limitations is an affirmative defense, and as the moving party, Fowler failed to demonstrate that the last advance payment to Goff was made more than two years before May 14, 2009, the date Goff filed his petition. In his second point, Goff contends that the trial court erred in granting summary judgment because the May 9, 2007 letter from State Farm was unsigned and unauthenticated and did not conclusively establish when payment was last made to Goff. In his third point, Goff contends that Fowler failed to establish that payment was made to Goff more than two years prior to the filing of Goff's petition. We address all three of Goff's points together as each necessarily assumes that Fowler had the burden to establish that section 40–275 of the Kansas Statutes Annotated did not apply to extend the statute of limitations applicable to Goff's claim to a date within two years of the filing of Goff's petition.

The summary judgment movant has the burden of establishing the legal right to judgment from the facts as a matter of law. *White v. Zubres*, 222 S.W.3d 272, 274 (Mo. banc 2007); *State ex rel. Mahn v. J.H. Berra Constr. Co.*, 255 S.W.3d 543, 546 (Mo.App. E.D.2008). Because the statute of limitations is an affirmative defense, the moving party has the burden of showing that the statute bars the plaintiff's claim. *White*, 222 S.W.3d at 274. However, once the moving party establishes that plaintiff's claim is barred by the statute of limitations, the burden shifts to the plaintiff to show that he comes within an exception in the statute to avoid the application of the limitations period to the claim. *Id.*

Goff's claim originated in Johnson County, Kansas, as that is where the collision occurred. Because the cause of action arose in Kansas, Missouri applies Kansas's statute of limitations through Missouri's borrowing statute. Section 516.190;[2] *Alvarado v. H & R Block, Inc.*, 24 S.W.3d 236, 241–42 (Mo.App. W.D.2000). Fowler and Goff agree that Goff's claim was controlled by the statute of limitations described in section 60–513(a)(4) of the Kan-

---

shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 74.04." Goff has not claimed any error on appeal arising from the trial court's conversion of Fowler's motion to dismiss to a motion for summary judgment or from the fact that the trial court's formal decision to convert the motion to dismiss was made on the same day final judgment granting summary judgment was entered.

**2.** All Missouri statutory references are to RSMo 2000 as supplemented unless otherwise indicated.

sas Statutes Annotated. Section 60–513(a)(4) prescribes a two year statute of limitations for a personal injury action. The parties do not contest that section 60–513(a)(4) required Goff to file his petition within two years of the May 4, 2007 collision. The petition was filed on May 14, 2009, more than two years after the collision. The petition on its face shows that Goff's action is barred by the statute of limitations unless an exception applies. Fowler's motion, therefore, satisfied Fowler's burden to show that the statute of limitations barred Goff's claim.

The burden then shifted to Goff to prove that his action came within an exception to the statute to avoid the application of the limitations period to his claim. Goff does not contest this general principle. He argues, however, that section 40–275 of the Kansas Statutes Annotated is not an "exception" to the statute of limitations. Instead, Goff claims section 40–275 must be engrafted into the statute of limitations, as it describes when a statute of limitation period commences. Goff thus argues that it was Fowler's burden to establish that the property damage payment from State Farm to Goff was made more than two years prior to the filing of Goff's petition. Goff cites no authority for his construction of section 40–275 of the Kansas Statutes Annotated.

■ Goff's argument is without merit. Section 40–275 of the Kansas Statutes Annotated is a tolling statute. *Mast v. Kinnard,* 29 Kan.App.2d 301, 25 P.3d 158, 159 (2001) ("[W]hen payments are made pursuant to K.S.A. 40–275, the running of the statute of limitations is tolled until the date of the last payment or partial payment."). Tolling statutes are treated as exceptions to the applicable statute of limitations, as the burden of proving facts sufficient to

toll the statute is upon the party asserting that the statute of limitations has been tolled. *Roof–Techs Int'l, Inc. v. State,* 30 Kan.App.2d 1184, 57 P.3d 538, 547 (2002).

Thus, once Fowler established via uncontroverted facts that Goff's personal injury claim was time barred under section 60–513(a)(4) of the Kansas Statutes Annotated,[3] the burden shifted to Goff to establish the presence of a genuine issue of fact in dispute sufficient to prevent the entry of judgment in favor of Fowler as a matter of law. Stated differently, the burden shifted to Goff to establish facts sufficient to show that section 40–275 applied to prevent his claim against Fowler from being time barred. *See Graham v. McGrath,* 243 S.W.3d 459, 464 (Mo.App. E.D.2007); *State ex rel. Mahn,* 255 S.W.3d at 544–46 (affirming trial court's entry of summary judgment where collector of revenue's action to collect delinquent taxes was time barred, shifting burden to the collector to show that she came within an exception to the statute of limitations that would allow her action to proceed); *White,* 222 S.W.3d at 276 (holding that plaintiff's claim that burden to disprove application of exception to statute of limitations for medical negligence action was on radiologist is not supported by law). Because all three of Goff's points on appeal erroneously presume that Fowler, not Goff, bore the burden to address the application of section 40–275, the points are denied.

Goff suggests in the *argument* portion of his brief that should we disagree that Fowler bore the burden of establishing how section 40–275 impacted the commencement of the statute of limitations (which we do), we should nonetheless conclude that Goff did enough to create a genuine issue of material fact in dispute

3. In fact, the "uncontroverted facts" sufficient to establish that Goff's claim against Fowler was time barred were drawn from the petition itself.

sufficient to defeat Fowler's motion for summary judgment. This argument is not addressed in any of Goff's points relied on and has not been adequately preserved for appeal. Notwithstanding, we will exercise our discretion to determine whether summary judgment should have been granted, as it is apparent that the import of Goff's points relied on, albeit legally misguided, are nonetheless directed toward determining whether the record on appeal, viewed in the light most favorable to the non-movant, supported the entry of summary judgment.

■ Here, both parties agree with the general principle that section 40–275 applied to extend the statute of limitations applicable to Goff's personal injury claim. Both parties agreed that State Farm made a property damage payment to Goff after the May 4, 2007 collision.[4] Thus, both parties agree that the running of the applicable statute of limitations was tolled up to the date when State Farm's property damage payment was made. However, it was Goff's burden to present evidence that the date State Farm's payment was made was less than two years before Goff's petition was filed. " 'Statutes of limitation are favored in the law and cannot be avoided unless the party seeking to do so brings himself strictly within a claimed exception.' " *White*, 222 S.W.3d at 276 (*quoting Butler v. Mitchell–Hugeback, Inc.*, 895 S.W.2d 15, 19 (Mo. banc 1995)).

■ Fowler attached a May 9, 2007 letter transmitting payment to Goff for Goff's property damage to its motion to dismiss. Goff's response to Fowler's motion, argued "upon information and belief" that the payment from State Farm was "made by law" after May 14, 2007. Goff attached his

counsel's affidavit to the response. However, the affidavit acknowledged that said counsel had no personal knowledge about when the property damage payment was made to Goff. The affidavit expressed counsel's "opinion" on the timing of payment based on discussions with Goff, a review of unspecified documents, and an opinion about when a letter dated May 9, 2007, might have been received by Goff. The affidavit does not set forth facts as would be admissible in evidence as required by Rule 74.04(e). The affidavit was thus not sufficient to establish a material fact in dispute supported in the manner required by Rule 74.04(c)(1). "In a summary judgment proceeding, the plaintiff's response 'may not rest on the mere allegations or denials of the party's pleading.' " *White*, 222 S.W.3d at 276 (quoting Rule 74.04(e)(2)). Rule 74.04(c)(2) required that the Goff's response to Fowler's motion "support each denial with specific references to the discovery, exhibits or affidavits that demonstrate specific facts showing that there is a genuine issue for trial." Thus, up through the point of the response to Fowler's motion, Goff offered nothing more than a bare and non-specific assertion that he had received a payment from State Farm at some time after the accident and an inadmissible opinion from counsel that payment could not have been received more than two years before the petition was filed.

■ Goff's response to Fowler's motion did advise the trial court that discovery was required to permit Goff an opportunity to develop the factual information necessary to demonstrate that Goff fell within section 40–275 in a manner sufficient to extend section 60–513(a)(4) to a period within two years of the filing of his peti-

---

4. Kansas courts have concluded that a property damage payment made to a person injured in an accident is a "payment" or "par-

tial payment" within the scope of section 40–275. *Mast,* 25 P.3d at 159.

tion. Such relief is expressly authorized by Rule 74.04(f) to prevent the premature entry of summary judgment where a party simply has not had the time or opportunity to develop information in the form required by Rule 74.04(c)(1) to combat a summary judgment motion. Though the opportunity to conduct discovery was afforded, Goff failed to take advantage of the opportunity. Goff thus failed to develop the very evidence he conceded he needed, but did not have, to establish that State Farm's payment to him was within the two year period preceding the filing of his petition.[5]

■ Goff's supplemental pleading filed after the permitted discovery period offered little new for the trial court's consideration other than an affidavit signed by Goff. In this affidavit, Goff says in paragraph 4:

I cannot definitively say when the payments were made, when I received the payments, when the payments were deposited or cashed, where the payments may have been deposited or cashed, when the check was paid by State Farm or its agent bank.

However, in paragraph 5 of his affidavit, Goff says, "I did not receive payment within ten days of the collision." Goff argues that these statements are not inconsistent and, that although he cannot say for sure when he received payment, he can say for sure he did not receive payment within ten days of the collision. Paragraph 5 of

Goff's affidavit is a factual statement. It is based on Goff's personal knowledge. Goff's statement would be admissible in evidence. Thus, Goff's affidavit complies with Rule 74.04(e), and the assertion of fact in paragraph 5 of Goff's affidavit complies with Rule 74.04(c)(2). Though the reliability of the statement may be subject to challenge, particularly in light of its apparent inconsistency with the immediately preceding statement, rejecting the statement out of hand would require a credibility determination. The trial court is not permitted to make credibility determinations when ruling on a motion for summary judgment. *United Mo. Bank, N.A. v. City of Grandview,* 105 S.W.3d 890, 898 (Mo.App. W.D.2003).

Goff thus presented information to the trial court in the form required by Rule 74.04(c)(2), albeit by the thinnest of reeds, sufficient to create a material issue of fact in dispute with respect to the specific application of section 40–275 to his case. We can understand the trial court's hesitation to reward Goff's recalcitrance in failing to take advantage of the opportunity to conduct requested discovery.[6] However, though Goff clearly could have done more to insure that he established an issue of fact in dispute as to a matter on which he bore the burden, we are nonetheless required to conclude that paragraph 5 of his affidavit suffices to cross the bare minimum threshold necessary to prevent the entry of summary judgment.[7]

5. Though we acknowledge that Goff claims he needed to conduct discovery to determine whether section 40–275 as specifically applied to his case would have spared his lawsuit from the bar of the statute of limitations, we are puzzled by the information not provided by Goff which would have been within his control, such as his own bank records.

6. At oral argument, Goff's counsel conceded that he did not undertake any discovery because he had asked for 120 days, not 60 days,

and was simply too busy. Counsel also conceded that he made the decision not to undertake discovery because he believed it to be Fowler's burden to disprove the applicability of section 40–275, notwithstanding existing Kansas precedent to the contrary.

7. We are mindful that Goff has also contested when a payment is "made" for purposes of section 40–275. That statute provides, in pertinent part, "[t]hat the period fixed for the limitation for the commencement of actions

## Conclusion

We reverse the trial court's judgment and remand this matter for further proceedings consistent with this opinion.

All concur.

shall commence *on the date of the last payment or partial payment made* hereunder." Kan.Stat.Ann. section 40–275 (emphasis added). Goff argues that "payment made" does not merely mean when a payment is mailed but, at a minimum, means when a payment is both received and successfully negotiated. Fowler believes "payment made" means when a payment is received. We have located no Kansas authority construing this provision of section 40–275. In any event, it would be premature for us to address this issue given the procedural posture of this case.